***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RANDY BAADHIO, | : | |
| | : | Civil Action No. 15-2599 (MAS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHRISTOPHER CHRISTIE, et al., | : | |
| | : | |
| Defendants. | : | |

**SHIPP, District Judge:**

*Pro se* Plaintiff Randy Baadhio ("Plaintiff"), an individual living in Princeton, New Jersey, files the instant Complaint pursuant to 42 U.S.C. § 1983, alleging that various defendants, either individually or conspired in concert, violated Plaintiff's constitutional rights by wrongfully levying false criminal charges against him. Having previously granted Plaintiff *in forma pauperis* status, the Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2). For reasons stated below, the Court dismisses the Complaint.

I.     **FACTUAL BACKGROUND**

This action stems from two incidents in which Plaintiff alleges that state officials brought false and fabricated charges against him in violation of his constitutional rights. The first incident took place on November 26, 2006, when, by Plaintiff's own admission, he walked out of the Broughton Halfway House ("Broughton") for reasons unexplained.[1] (ECF No. 1 at 8.) At the

---

[1] The Broughton Halfway House is "a community corrections facility for pre-release inmates." Broughton House, http://www.njaconline.org/15.html, accessed May 13, 2015. "Actual program completion is dependent on factors determined by the resident's committing authority. Most residents graduate from the program on their official parole or max out date." *Id.*

time, Plaintiff was serving, again by his own admission, two consecutive four-year sentences that were issued in 2005. *Id.* Upon recapture, officials unsurprisingly charged Plaintiff with escape from prison. *Id.* at 9. Plaintiff asserts that the charges against him were illegal and fabricated, because he had completed his sentence. *Id.*

The second incident occurred in 2011, after Plaintiff completed another federal sentence in a Texas federal prison. *Id.* Although it is not fully clear from the Complaint, it appears that, while Plaintiff was in Texas, he still had either outstanding warrants or unserved sentences stemming from his 2006 escape in New Jersey. As such, New Jersey requested that Plaintiff be extradited by Texas authorities. *Id.* Texas complied with the request. *Id.* at 10. Because, as stated above, Plaintiff believes that all of the charges against him in New Jersey were false, Plaintiff claims that both New Jersey and Texas officials involved in the extradition violated his constitutional rights.

Plaintiff also alleges in the Complaint that he has contacted federal authorities concerning these allegedly illegal conduct by Defendants. (ECF No. 1 at 4, 5, 6.) As a result, Plaintiff contends that at least some of the actions taken by Defendants, including levying of false charges, and extension of sentences and parole terms, were in retaliation against him for contacting federal authorities. *Id.*

In short, Plaintiff summarizes his claims as:

> Plaintiff brings this action resulting from significant damages and hardship incurred due to false criminal charges levied by the above named defendants, a resulting unlawful arrest, incarceration, and extradition in and from Texas to New Jersey; the retaliatory imposition of an unlawful para-judicial term of sentence of 1790 days, the placement since 2012 on a subsequent sham para judicial parole term ending in March of 2016, an unlawful arrest for "parole violation" which resulted in 10 months of incarceration, and numerous additional 8th amendment hardship. These acts, by Defendants are shown here to have been made willfully, in violation of Plaintiff federal constitutional rights, namely those derived from the 4th, 5th, 6th, 8th, and 14th Amendments to the Constitution.

*Id.* at 2.

## II. STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes–Barre*, 700 F.3d 675, 679 (3d Cir. 2012),

and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *U.S. v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment").

### III. DISCUSSION

A plaintiff can pursue a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-7 (3d Cir. 2013).

As summarized above, Plaintiff's claims arise out of what he contends were illegal actions taken by Defendants in connection with their enforcement of allegedly unlawful charges, convictions, and parole terms. However, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court stated,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnote omitted). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)).

Here, all claims in the Complaint are tied to Petitioner's alleged false prosecution, arrest, and imprisonment, stemming from the Broughton walkout incident and the extradition from Texas. In order for any of Plaintiff's claims to succeed, whether it be for false arrest, improper extradition, false imprisonment, or retaliation, success would necessarily demonstrate the invalidity of his confinement or its duration. *See, e.g., Ashton v. City of Uniontown*, 459 F. App'x 185, 188 (3d Cir. 2012) (barring retaliation claims under *Heck* because litigation over the allegedly retaliatory criminal charges would constitute a parallel litigation over whether plaintiff's conduct warranted the charges); *Wells v. King*, 232 F. App'x 148, 149 (3d Cir. 2007) (holding that, when a plaintiff's claims of false arrest and false imprisonment amount to a challenge of his valid conviction and sentence, they are barred by *Heck*). The Complaint does not allege, however, that any of these charges have been overturned, invalidated, or otherwise exonerated. Indeed, Plaintiff has filed a concurrent habeas petition with this Court challenging these charges against him, which the Court

has yet to rule upon. *See Baadhio v. Att'y Gen.*, No. 15-2444 (D.N.J. filed Apr. 7, 2015). As such, Plaintiff's claims are barred by *Heck*.

## IV.  CONCLUSION

For the reasons set forth above, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

_/s/ Michael A. Shipp_
Michael A. Shipp, U.S.D.J.

Dated: 6/4/15